

RECEIPT # 59414
AMOUNT $ 150
SUMMONS ISSUED ✓
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK.
DATE 10-18-04

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2004 OCT 18 P 3: 38

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| SENIor RESIDENTIAL CARE, INC., <br> Plaintiff, <br><br> v. <br><br> EARLE LERNER, MARATHON HEALTHCARE GROUP, LLC, MARATHON HEALTHCARE CENTER OF NORWALK, LLC., MARATHON HEALTHCARE CENTER OF PROSPECT, LLC, and MARATHON HEALTHCARE CENTER OF WEST HAVEN, LLC, <br> Defendants. | CIVIL ACTION NO. <br><br> 04-12184 DPW <br><br> MAGISTRATE JUDGE Alexander |

## COMPLAINT

For its complaint in this action, plaintiff Senior Residential Care, Inc. ("SRC") alleges as follows:

### Nature of the Action

1. SRC brings this action to recover more than $200,000 due and owing to SRC by defendants under promissory notes and guaranties. In addition, SRC seeks damages from defendant Earle Lerner and a constructive trust on certain nursing home assets as a result of (i) Mr. Lerner's breaches of fiduciary duties owed to SRC, and (ii) Mr. Lerner's breaches of his agreements with SRC and his unjust enrichment as a result of such breaches.

### Parties

2. Plaintiff SRC is a Delaware corporation with a principal place of business located at 63 Kendrick Street, Needham, Massachusetts.

3. Defendants Marathon Healthcare Center of Norwalk, Marathon Healthcare Center of Prospect, LLC, and Marathon Healthcare Center of West Haven, LLC (collectively, the

"Marathon Subs") are Connecticut limited liability companies with a principal place of business located at 25 Phyllis Road, Manchester, Connecticut.

4.  Defendant Marathon Healthcare Group, LLC ("Marathon") is a Connecticut limited liability company with a principal place of business located at 25 Phyllis Road, Manchester, Connecticut. Marathon is the owner of each of the Marathon Subs.

5.  Defendant Earle Lerner ("Lerner") is an individual residing at 25 Phyllis Road, Manchester, Connecticut.

### Jurisdiction and Venue

6.  This Court has jurisdiction over this action pursuant to 28 U.S.C. §1332, as the amount in controversy exceeds $75,000 exclusive of interest and costs and there is complete diversity of citizenship between plaintiff and defendants.

7.  Venue is proper in the District pursuant to 28 U.S.C. §1391(a), as a substantial part of the events giving rise to this action occurred in Massachusetts.

### Facts

8.  Lerner is the principal owner and officer of Marathon. Lerner and Marathon formed the Marathon Subs in order to buy the assets of three Connecticut nursing homes, located in Norwalk, Prospect and West Haven, Connecticut, and one Massachusetts nursing home located in Northampton, Massachusetts.

9.  Prior to making the loans that are the subject of this action, SRC and Lerner agreed to form a joint venture pursuant to which SRC would provide the capital to acquire, and Lerner (through the Marathon entities) would operate, nursing homes.

10. SRC and Lerner agreed that any profits realized in the operation or subsequent sale of any nursing homes acquired and operated by their joint venture would be split 50-50 between SRC and Lerner (or Lerner's entities).

11. Pursuant to the terms of their joint venture, SRC agreed to lend money to the Marathon Subs in order to enable the Marathon Subs to acquire the foregoing Connecticut and Massachusetts nursing homes.

12. SRC made two loans to the Marathon Subs. The Marathon Subs, in turn, used the proceeds of those loans to make deposits toward the purchase of the three Connecticut and one Massachusetts nursing homes referred to above, and to pay certain expenses associated therewith. The total principal amount presently owed by the Marathon Subs is $203,890. Attached hereto as Exhibits A and B are Promissory Notes (the "Notes") reflecting the indebtedness of the Marathon Subs to SRC.

13. Lerner and Marathon guaranteed the repayment obligations of the Marathon Subs to SRC under the Notes. Attached hereto as Exhibits C and D, respectively, are the Guaranty Agreements (the "Guaranties") of Lerner and Marathon.

14. The Notes are demand notes. The Marathon Subs were required to repay the principal and all accrued and unpaid interest 10 days after written demand therefor. Attached hereto as Exhibit E is SRC's demand for repayment, dated September 30, 2004. Accordingly, the Marathon Subs were obligated to repay all amounts due to SRC under the Notes on or before October 10, 2004.

15. The Marathon Subs have not paid to SRC the principal and interest due under the Notes, despite demand therefor.

16. As guarantors of the obligations of the Marathon Subs, Lerner and Marathon have not paid to SRC the principal and interest due under the Notes and their respective Guaranties, despite demand therefor.

17. Lerner was an employee of SRC until December 31, 2003. Pursuant to the terms of the separation agreement between Lerner and SRC, SRC made severance payments to Lerner until July 16, 2004. Between July 16 and October 1, 2004, SRC continued to pay salary and benefits to Lerner while Lerner and SRC were in the process of identifying nursing homes that were suitable for purchase by their joint venture. SRC made these payments to Lerner in reliance upon Lerner's promises that he would adhere to the terms of his joint venture agreement with SRC.

## COUNT I

### Breach of Contract Against the Marathon Subs

18. SRC repeats and incorporates herein by reference the allegations set forth in paragraphs 1-17 above.

19. By failing to pay the amounts due to SRC under the Notes, the Marathon Subs breached the terms of the Notes.

20. SRC fully performed all of its obligations under the Notes.

21. SRC has been harmed as a direct and proximate consequence of the Marathon Subs' breach of the Notes.

## COUNT II

### Breach of Contract Against Lerner and Marathon

22. SRC repeats and incorporates herein by reference the allegations of paragraphs 1-21 above.

23. By failing to pay the amounts due to SRC under the Notes, Lerner and Marathon breached the terms of their Guaranties.

24. SRC fully performed all of its obligations under the Guaranties.

25. SRC has been harmed as a direct and proximate consequence of Lerner's and Marathon's breach of the Guaranties.

## COUNT III

### Breach of Contract Against Lerner

26. SRC repeats and incorporates herein by reference the allegations of paragraphs 1-25 above.

27. SRC agreed to pay salary and benefits to Lerner during the period that Lerner was identifying nursing homes that would be suitable for purchase by the joint venture that was formed by SRC and Lerner, in reliance upon Lerner adhering to the terms of the parties' joint venture agreement.

28. Lerner accepted salary and benefits from SRC during the period that he was identifying suitable nursing homes for the joint venture. Lerner thereafter took for his own benefit, through the vehicle of the Marathon Subs, those nursing homes that he identified as suitable for purchase by the Lerner/SRC joint venture.

29. Lerner's conduct, as described above, constitutes a breach of the terms of his agreement with SRC.

30. SRC fully performed all of its obligations under the terms of Lerner's agreement with SRC.

31. SRC has been harmed as a direct and proximate consequence of Lerner's breach of the terms of his agreement in an amount not less than the value of the salary paid and benefits provided to Lerner after July 16, 2004.

## COUNT IV

### Unjust Enrichment Against Lerner

32. SRC repeats and incorporates herein by reference the allegations of paragraphs 1-31 above.

33. Lerner has been unjustly enriched to the extent that he received salary and benefits from SRC without providing any services of value to SRC.

34. SRC has been harmed as a direct and proximate consequence of Lerner's conduct, as described above.

## COUNT V

### Breach of Fiduciary Duty Against Lerner

35. SRC repeats and incorporates herein by reference the allegations of paragraphs 1-34 above.

36. SRC and Lerner entered into a joint venture to pursue the purchase, operation and subsequent sale of distressed nursing home facilities.

37. As joint venturers, each of SRC and Lerner owed a fiduciary duty of utmost good faith and loyalty to the other.

38. Lerner breached his fiduciary duties to SRC by, *inter alia*, (i) taking steps to appropriate for his own benefit, to the exclusion of SRC, the acquisition of the three Connecticut and one Massachusetts nursing homes referred to above, notwithstanding that SRC provided the capital and substantial advice and resources to enable the purchase of such facilities; (ii) upon

6

information and belief, investigating the possible acquisition of additional nursing homes with the intention and expectation of excluding SRC from participating in any such future acquisitions; and (iii) upon information and belief, seeking out and negotiating with prospective new partners in order to "take out" SRC from its role as financier of the parties' joint venture.

WHEREFORE, SRC prays as follows:

1. That the Court award SRC its damages, in an amount to be proven at trial, against the Marathon Subs under Count I of the Complaint;

2. That the Court award SRC its damages, in an amount to be proven at trial, against Marathon under Count II of the Complaint;

3. That the Court award SRC its damages, in an amount to be proven at trial, against Lerner under Counts II, III and IV of the Complaint;

4. That the Court grant a constructive trust in favor of SRC and against Lerner over any and all nursing home facilities acquired by Lerner or any Lerner entity that rightfully belong to the parties' joint venture, under Count V of the Complaint;

5. That the Court award SRC interest, costs and reasonable attorneys' fees; and

6. That the Court grants SRC such other and further relief as is just.

SENIOR RESIDENTIAL CARE, INC.

By its attorneys,

_/s/ Robert L. Kirby, Jr._

Robert L. Kirby, Jr. (BBO# 550538)
Nixon Peabody LLP
100 Summer Street
Boston, MA 02110
(617) 345-1000

October 18, 2004